UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA JULIANO,

    Plaintiff,

    v.

GRAND HYATT NEW YORK, INC., and
EDWARD NIETO d/b/a AV GROUP,

    Defendants.

Case No. 3:17-cv-1080 (VAB)

**RULING AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Linda Juliano ("Plaintiff") filed a Complaint in this Court on June 29, 2017, alleging that Defendant Grand Hyatt New York, Inc., and Edward Nieto d/b/a/ AV Group (together, "Defendants") negligently failed to maintain safe premises at the Grand Hyatt ballroom and that such negligence caused her compensable injuries. Compl. at 1-2, ECF No. 1. AV Group has moved to dismiss. ECF No. 18. Since then, Ms. Juliano has voluntarily dismissed AV Group from the case under Federal Rule 41(a). Notice of Dismissal, ECF No. 36. In addition, Grand Hyatt has filed a motion for summary judgment. ECF No. 35.

For the following reasons, Grand Hyatt's motion for summary judgment is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

###    A.    Factual Allegations

On July 5, 2014, the Grand Hyatt, located at 109 East 42nd Street, in New York, New York, hosted a dance competition and banquet. Compl. ¶¶ 1, 7-8. Ms. Juliano alleges that she was at the competition and banquet, and when it was her turn "to appear on stage to address the

1

audience, she got up from her chair and approached the stage." *Id.* ¶ 10. She alleges that her right foot got caught under an audio-visual equipment wire, and that she fell forward onto her hands and knees. *Id.* Ms. Juliano alleges that Grand Hyatt's normal practice is to tape down the wires to the floor, but on the day at issue, it failed to do so. *Id.* ¶ 9.

Ms. Juliano alleges that the fall injured her right knee. *Id*. ¶ 11. Specifically, the injury consisted of a large hematoma, a medial meniscal tear, a stress insufficiency fracture of the medial femoral condyle, and synovitis. *Id*. Ms. Juliano claims that the injury required surgery, extended medical treatment, and physical therapy. *Id*. Ms. Juliano also claims she suffered from excruciating pain that restricted her ability to work and to conduct her typical activities. *Id*. ¶ 12. Ms. Juliano claims that, as a result of the injury, she now has a disability accompanied by daily pain and discomfort. *Id*.

### B.     Procedural History

Ms. Juliano filed a Complaint on June 29, 2017, against Grand Hyatt and Edward Nieto d/b/a/ AV Group. Compl. ¶¶ 2-4. Ms. Juliano claimed that Grand Hyatt acted negligently by failing to provide reasonably safe facilities in its reception room / ballroom (Count One). Compl. at 4. She also claimed that Grand Hyatt was grossly negligent in failing to provide reasonably safe facilities, as they acted with a wanton, willful, and reckless disregard for the safety of its guests (Count Two). *Id.* at 5-6.

Ms. Juliano also claimed that AV Group, a "professional audio and visual company that provides services and equipment for dance competitions, entertainment and corporate events," acted negligently by failing to "leave the premises in a reasonably safe condition after installing his electronic and electronic and electrical equipment" in the ballroom and reception area (Count Three). *Id.* at 2, 6.

Ms. Juliano sought $500,000.00 in damages, along with any punitive damages proven at trial. *Id.* at 7.

On July 31, 2017, Grand Hyatt filed an Answer with affirmative defenses, including that this Court does not have personal jurisdiction over Grand Hyatt. Answer at 5-8, ECF No. 13.

Grand Hyatt also asserted two cross-claims against AV Group. First, Grand Hyatt claimed that it had the right to recover from AV Group for all of any verdict against it on the basis of contractual and/or common-law indemnification. *Id.* at 8. Second, Grand Hyatt claimed that it is entitled to contribution on the basis of apportionment from AV Group. *Id.*

On August 4, 2017, Grand Hyatt filed a third-party Complaint against Sheer Talent Ltd. ECF No. 14.

On August 18, 2017, AV Group filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), (3), and (5). Mot. Dismiss at 1.

On November 21, 2017, Ms. Juliano filed a notice of voluntary dismissal under Federal Rule 41(a)(1)(A)(i) as to only AV Group. Notice of Dismissal. Ms. Juliano asserted that dismissal was proper because AV Group had not filed an Answer or a motion for summary judgment. *Id.* AV Group was terminated on November 21, 2017.

## II. STANDARD OF REVIEW

A motion for summary judgment will be granted if the record shows no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Id.* at 250.

Any inferences drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Dufort v. City of New York*, 874 F.3d 338, 343 (2d Cir. 2017). An inference of a genuine dispute of material fact will not be drawn from conclusory allegations of denials. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

### III. DISCUSSION

#### A. Dismissal of AV Group Under Rule 41(a)(1)(A)(i)

Ms. Juliano filed a notice of voluntary dismissal as to AV Group. Notice of Dismissal. Under Federal Rule 41(a)(1)(A)(i), "[s]ubject to any applicable federal statute, a plaintiff may voluntarily dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 823 (2d Cir. 2014). "Indeed, dismissal occurs without 'even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *Seippel v. Jenkens & Gilchrist, P.C.*, No. 03-cv-6942 (SAS), 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)).

Here, AV Group has not filed an Answer or a motion for summary judgment, but it has filed a motion to dismiss. *See* ECF No. 18. In the Second Circuit, "[t]he filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal." *Seippel*, 2004 WL 2809205, at *1. If, however, "a motion to dismiss 'could have

4

been treated as a request for summary judgment,' because matters outside the pleadings have been presented to the court and not excluded, 'the right to voluntary dismissal is extinguished.'" *Id.* (quoting *Yosef v. Passmaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989)); *see* Fed. R. Civ. P. 12(b)(6) ("[E]xtraneous material may not be considered if the court excludes it, but [ ] if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56.").

AV Group's motion to dismiss in this case is not a request for summary judgment. AV Group moves to dismiss the Complaint on the basis that (1) the Court does not have personal jurisdiction over AV Group or Mr. Nieto under Connecticut's long-arm statute and the due process clause; (2) the District of Connecticut is an improper venue; (3) Ms. Juliano did not effectuate proper service on AV Group or Mr. Nieto; and (4) the statute of limitations bars Ms. Juliano's claims. *See generally* Memo. in Support of Mot. Dismiss, ECF No. 19. Those claims are properly asserted at the motion to dismiss stage; AV Group has not introduced "matters outside the pleadings"—instead, the motion to dismiss argues that jurisdictional problems exist with the lawsuit. *Compare Seippel*, 2004 WL 2809205, at *2 (finding that "Opinion Letter," which was "integral to the complaint," did not convert motion to dismiss into motion for summary judgment), *with Yosef*, 876 F.2d at 286 (holding that because moving party submitted affidavits and exhibits supporting its contention that it had not been properly served and the statute of limitations had run, the motion was a summary judgment motion, not a motion to dismiss).

Here, although AV Group did submit an affidavit by Mr. Nieto and submitted AV Group's incorporation documents, the affidavit did not introduce new evidence that would require the Court to convert the motion to dismiss to a motion for summary judgment, but merely

provided information about AV Group's position as a New York corporation. *See* Mot. Dismiss Ex. A; *see also Dunn v. Signorelli*, 3:10-cv-1037 (RNC), 2011 WL 4625136, at *2 (D. Conn. Sept. 30, 2011) ("Outside materials are 'integral' to a complaint when the complaint 'relies heavily upon [their] terms and effect.' (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002))).

AV Group therefore has been properly dismissed from this case.

B.   **Personal Jurisdiction over Grand Hyatt**

In its Answer to the Complaint, Grand Hyatt asserts as its first affirmative defense that the Court does not have personal jurisdiction over Grand Hyatt. Answer at 5. Grand Hyatt did not, however, move to dismiss the Complaint for lack of personal jurisdiction. In addition, Grand Hyatt filed a motion for summary judgment arguing that Ms. Juliano's claims are barred by the statute of limitations; by filing on the merits, Grand Hyatt availed itself of this forum and waived any claim that this Court lacks personal jurisdiction over it. *See Roberts v. Bennaceur*, 658 Fed. App'x 611, 616 (2d Cir. 2016) ("[A] party may forfeit a right or defense by actively litigating other issues and forgoing the opportunity to litigate that right or defense."); *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d 92, 101 (2d Cir. 2016) (finding that defendant, by moving to vacate and remand to the Southern District, forfeited its personal jurisdiction argument); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("Personal jurisdiction, unlike subject-matter jurisdiction, can . . . be purposely waived or inadvertently forfeited."); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (finding that defendant waived personal jurisdiction, even though defense was mentioned in answer, because defendant participated in

extensive pretrial proceedings and did not move to dismiss based on personal jurisdiction). The Court therefore has personal jurisdiction over the claims against Grand Hyatt.[1]

### C. Grand Hyatt's Motion for Summary Judgment

Grand Hyatt moves for summary judgment, arguing that Ms. Juliano's claims are barred by the statute of limitations. Mot. Summ. J. at 3. Grand Hyatt argues that Connecticut's statute of limitations, which bars tort claims filed more than two years after the injury occurred, should apply in this case. *Id.* at 3–4; *see also* Conn. Gen. Stat. § 52-584. Grand Hyatt argues that statutes of limitations are procedural issues under Connecticut law, and that federal courts apply the procedural law of the forum state. Mot. Summ. J. at 3. Moreover, Grand Hyatt argues that Ms. Juliano's injury occurred on July 5, 2014, "and she was therefore required to commence this action by July 5, 2016," but Grand Hyatt "was not served with process until July 10, 2017, and therefore the claims against Hyatt were time-barred." *Id.* at 4.

Ms. Juliano, on the other hand, argues that the New York statute of limitations, which bars claims filed more than three years after the date of the injury, should apply in this case. Opp. Mot. Summ. J. at 2–3, ECF No. 37; *see also* N.Y. CPLR § 214(5). Ms. Juliano argues that, although statutes of limitations are generally procedural issues determined by the law of the forum state, here, the Court should apply the most significant relationship test defined in the Restatement (Second) of Conflict of Laws. Opp. Mot. Summ. J. at 4 (citing *Phillips v. Scott*, 446 F. Supp. 2d 70 (D. Conn. 2006)). The Court agrees with the Grand Hyatt and finds that the Connecticut statute of limitations applies.

"In a diversity of citizenship action, the choice of law rules of the forum state apply." *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *see also Slekis v. Nat'l R.R.*

---

[1] At oral argument, counsel for Grand Hyatt conceded that its lack of personal jurisdiction argument had been waived.

*Passenger Corp.*, 56 F. Supp. 2d 202, 204 (D. Conn. 1999) ("A federal court sitting in diversity must follow the choice-of-law rules of the forum state to resolve conflict-of-law questions."). As for substantive issues, the Connecticut Supreme Court has adopted the "'most significant relationship' test set forth in the Restatement (Second)." *W. Dermatology Consultants, P.C. v. VitalWorks, Inc.*, 143 A.3d 564, 573 (Conn. 2016). Under that test, the Court determines which state has the most significant relationship to the occurrence by considering:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the [protection] of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

*Id.* at 574 (quoting *O'Connor v. O'Connor*, 519 A.2d 13, 22 (Conn. 1986)).

When a state considers a statute of limitations procedural, however, the law of the forum state applies. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 778 n.10 (1984) ("Under traditional choice of law principles, the law of the forum state governs on matters of procedure" and in New Hampshire, "statutes of limitations are considered procedural"); *see also Hughes v. Equity Office Properties Trust*, 245 Fed. App'x 88, 89 (2d Cir. 2007) ("A federal court sitting in diversity applies the forum state's statute of limitations.") (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 107-10 (1945)). In Connecticut, a statute of limitations is generally considered procedural. *See Champagne v. Raybestos-Manhattan, Inc.*, 562 A.2d 1100, 1109 (Conn. 1989); *Slekis*, 56 F. Supp. 2d at 204 ("Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut."); *Somohano v. Somohano*, 615 A.2d 181, 182 (Conn. App. Ct. 1992) ("The established law of this state is that the statute of limitations is procedural and, therefore, the law of the forum applies.").

There is an exception, however, to the rule that a statute of limitations is procedural in Connecticut when a

> right of action did not exist at common law and the foreign statute of limitations is so interwoven with the statute creating the cause of action that forms the basis of action as to become one of the congeries of the elements necessary to establish the right, that limitation goes with the cause of action wherever brought.

*Feldt v. Ruger*, 721 F. Supp. 403, 406 (D. Conn. 1989); *see also Norton v. Michonski*, 368 F. Supp. 2d 175, 179 (D. Conn. 2005) (stating that the only exception to a statute of limitations being procedural in Connecticut is when "the cause of action did not exist at common law, and the foreign statute of limitations is so interwoven with the statute creating the cause of action, that it becomes one of the elements necessary to establish the right"). The Court finds that no such exception exists in this case—a personal injury action is based in negligence and a right of action existed at common law for negligence actions in Connecticut—and Connecticut's statute of limitations therefore governs. *See Slekis*, 56 F. Supp. 2d at 205 (applying Connecticut's statute of limitations because complaint alleged "simple negligence, a cause of action recognized at common law and not created by statute[.]").

Ms. Juliano argues that the Court should depart from Connecticut's precedent that defines a statute of limitations as generally procedural and instead apply the standard set forth in the Restatement (Second) of Conflict of Laws. Opp. to Mot. Summ. J. at 3 (citing *Phillips v. Scott*, 446 F. Supp. 2d 70 (D. Conn. 2006)). In *Phillips*, the court chose to apply "a test similar to the most significant relationship test addressed above," from the Restatement, to conflicts over statutes of limitations in addition to conflicts over substantive law. *Id.* at 83 n.25. The court described an "'emerging trend' [ ] for courts to 'select the state whose law will be applied to the issue of limitations by a process essentially similar to that used in the case of other issues of choice of law,'" and argued that Connecticut courts had recently "turned to § 142 of the

9

Restatement (Second) of Conflicts of Laws" to govern statute of limitations disputes. *Id.* (quoting Restatement (Second) of Conflict of Laws § 142 Comment e).

Under the Restatement's test for statutes of limitations, the Court considers:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> > (1) The forum will apply its own statute of limitations barring the claim.
> >
> > (2) The forum will apply its own statute of limitations permitting the claim unless:
> >
> > > (a) maintenance of the claim would serve no substantial interest of the forum; and
> > >
> > > (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142. Ms. Juliano argues that if the Court applied the Restatement test to her claims, the Court would find that New York's statute of limitations should apply to this case, and Ms. Juliano's claims would not be barred by the statute of limitations. The Court disagrees.

In *Doe v. Knights of Columbus*, the court declined to follow *Phillips*, finding that it was an "exceptional case, based on extraordinary facts, rather than one designed to set new precedent." 930 F. Supp. 2d 337, 354 (D. Conn. 2013). In *Doe*, the court explained that "[b]ecause statutes of limitations are labeled 'procedural' under Connecticut law, Connecticut courts traditionally apply Connecticut's statute of limitations when the plaintiff pursues a common law cause of action." *Id.* at 353. In *Phillips*, the *Doe* court explained, the court followed the Restatement's test for conflicts of statutes of limitations, but the facts in that case were also particularly suited for a foreign forum:

> In *Phillips*, plaintiff brought an unjust enrichment claim which arose in California, involving an oral agreement he entered with his mother in California concerning his acquisition of California real estate. The only fact connecting the action with Connecticut was the mother's move to that state prior to her death. Under such extraordinary circumstances, the Court applied the California statute of limitations.

*Doe*, 930 F. Supp. 2d at 354-55. The court in *Doe* therefore found that in its case, "the applicable forum [was] Connecticut and this Court must therefore apply Connecticut's choice of law rules, which generally treat statutes of limitations as procedural in nature." *Id.* at 355.

In this case, like *Doe*, the Court will follow Connecticut's "traditional choice of law rules," which "distinguish between substantive and procedural law, with the law of the forum, or *lex fori*, controlling those issues which are construed as governing procedure." *Id.* at 356 (citing *Morris Plan Indus. Bank v. Richards*, 42 A.2d 147 (Conn. 1945); *Orr v. Ahern*, 139 A. 691 (Conn. 1928)). Connecticut's statute of limitations bars claims brought more than "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered[.]" Conn. Gen. Stat.§ 52-584.

Ms. Juliano discovered her injury the moment that it occurred, when she tripped on a wire and fell to the floor. Compl. ¶¶ 10-11. She sustained those injuries on July 5, 2014. *Id.* ¶ 7. She filed the Complaint, however, on June 29, 2017, and served Grand Hyatt on July 10, 2017. Compl.; Summons, ECF No. 7. Ms. Juliano therefore did not bring her claim within two years from the date when the injury was first sustained or discovered. Her claims fall outside of the statute of limitations, and Grand Hyatt's motion for summary judgment is granted. Because the claims against Grand Hyatt are dismissed, Grand Hyatt's third-party Complaint against AV Group is dismissed as well. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."); *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 402

(E.D.N.Y. 2009) ("It is well-settled that a third-party action . . . must be dependent on, or derivative of, the main claim.") (citing *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000)).

## IV. CONCLUSION

For all of the foregoing reasons, Grand Hyatt's motion for summary judgment is **GRANTED**.

The Clerk of the Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 27th day of February, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE